IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

WALTER JOEL FERNANDEZ-FLORES;
JORGE ENRIQUE GONZALEZ MENDOZA;
CELSO MARTINEZ-MARTINEZ;
VICENTE RAMOS;
QUILMER VEGA RODRIGUEZ;
RAFAEL ANGEL VALERA ROSALES;
EMMANUEL ALEMON-AVALOS;
EDLIANA MCKENZIE-SOTO,

                    Petitioners,

v.                                          CIVIL ACTION NO. 3:26-0082

CARL ALDRIDGE,
Superintendent, Western Regional Jail;
MICHAEL T. ROSE,
Acting Field Office Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement;
TODD M. LYONS,
Acting Director,
United States Immigration and Customs Enforcement;
KRISTI NOEM,
Secretary of Homeland Security;
PAMELA JO BONDI,
United States Attorney General,
in their official capacities,

                    Respondents.

**ORDER**

Pending is Respondents' Motion to Sever Petitioners into Separate Matters and Motion to Amend Show Cause Order. ECF No. 13. The Court previously granted this motion in part to extend Respondents' deadline to file a response from February 9th to February 10th. *Order*, ECF No. 16. Petitioners filed a reply to Respondents' motion to sever. *Pet'r's' Resp. in Opp. to Mot. to Sever*,

ECF No. 17. The portion of Respondents' Motion to Sever Petitioners into Separate Matters previously held in abeyance is now **DENIED**. ECF No. 13.

This motion relates to a Petition for Habeas Corpus relief filed by multiple detained undocumented individuals. Petitioners assert violations of the Fifth Amendment Due Process Clause; the Immigration and Nationality Act, 8 U.S.C. § 1226 ("INA"); the Administrative Procedure Act ("APA"); the Equal Protection Guarantee of the Fifth Amendment; and the Suspension Clause of the United States Constitution. *See Verified Pet. for Writ of Habeas Corpus*, ECF No. 1. Respondents' argue the Petition involves different facts including locations, dates, nationalities, right to be present in the United States, and potentially different legal arguments. *Mem. of L. in Supp of Mot. to Sever* 3–4, ECF No. 18. While the Court acknowledges the Petitioners' countries of origin, entry into the United States, and circumstances of arrest may differ, Petitioners accurately identify that the Petition centers alleged "misinterpretation of the statutes governing immigration detention" of multiple individuals arrested between January 13, 2026, and January 18, 2026, pursuant to the same immigration enforcement operation in West Virginia. *Pet'r's' Resp. in Opp. to Mot. to Sever*, 2.

Federal Rule of Civil Procedure 20 governs permissive joinder and Rule 1 requires the Federal Rules to be "employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." F. R. Civ. P. 20(a)(1); F. R. Civ. P. 1. The Court, in its discretion, finds that maintaining the combined matter promotes expediency, fairness, and does not significantly prejudice the Government, given that eight separate responses within the same timeline would be the alternative. The individual circumstances that may differ between Petitioners have already been addressed within the briefing and will be addressed at the hearing and in the ultimate Court order.

Accordingly, the portion of Respondents' Motion to Sever Petitioners into Separate Matters previously held in abeyance is now **DENIED**. ECF No. 13.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: February 10, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE