IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

WALTER JOEL FERNANDEZ-FLORES;
JORGE ENRIQUE GONZALEZ MENDOZA;
CELSO MARTINEZ-MARTINEZ;
VICENTE RAMOS;
QUILMER VEGA RODRIGUEZ;
RAFAEL ANGEL VALERA ROSALES;
EMMANUEL ALEMON-AVALOS;
EDLIANA MCKENZIE-SOTO,

                        Petitioners,

v.                                                  CIVIL ACTION NO. 3:26-0082

CARL ALDRIDGE,
Superintendent, Western Regional Jail;
MICHAEL T. ROSE,
Acting Field Office Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement;
TODD M. LYONS,
Acting Director,
United States Immigration and Customs Enforcement;
KRISTI NOEM,
Secretary of Homeland Security;
PAMELA JO BONDI,
United States Attorney General,
in their official capacities,

                        Respondents.

**ORDER**

Pending before the Court is a Verified Petition for Writ of Habeas Corpus by Petitioners Walter Joel Fernandez-Flores, Jorge Enrique Gonzalez Mendoza, Celso Martinez-Marinez, Vincente Ramos, Quilmer Vega Rodriguez, Rafael Angel Valera Rosales, Emmanuel Alemon-Avalos, and Edliana McKenzie-Soto. ECF No. 1. Also pending is a Motion to Dismiss filed by Federal Respondents ("the Government") Michael T. Rose, Acting Field Office Director,

Philadelphia Field Office, United States Immigration and Customs Enforcement ("ICE"); Todd M. Lyons, Acting Director of ICE; Kristi Noem, Secretary of Homeland Security; and Pamela Jo Bondi, United States Attorney General. ECF No. 37. Carl Aldridge, Superintendent of Western Regional Jail, is also a respondent.[1]

The Court has thoroughly considered the briefings, and as both parties indicated a hearing is not necessary, the Petition is ripe for review.

The Government presents the same arguments previously rejected by this Court, uniformly rejected by Courts within this District, and rejected by the majority of others nationwide.[2] The Court finds Petitioner is entitled to relief of immediate release. The Court wastes no time in restoring the wrongly deprived physical liberty interests of the petitioners. The Court rejects the propriety of alternative relief, such as ordering a bond hearing.[3] Given ICE's failure to comply with Court orders and the Board of Immigration Appeals decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 220 (BIA 2025), the appropriate relief follows.[4]

---

[1] Mr. Aldridge responds separately that he "should be treated as nothing more than a nominal respondent" and "defers to the Federal Respondents' position." *Resp. by Carl Aldridge.* 2, ECF No. 15.

[2] *See, e.g. Simanca Gonzalez v. Aldridge,* CIV. A. No. 3:26-cv-0055, 2026 WL 313476, at*5 (S.D. W. Va. Feb. 5, 2026); *Briceno Solano v. Mason,* CIV. A. No. 2:26-cv-00045, 2026 WL 311624, at *15 (S.D. W. Va. Feb. 4, 2026) (Johnston, J.); *Gutierrez Aroca v. Mason*, CIV. A. No. 2:26-cv-00057, 2026 WL 357872, at *17 (S.D. W. Va. Feb. 9, 2026) (Goodwin, J.); *Bethancourt Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025) (collecting cases); *Barco Mercado v. Francis*, No. 25-cv-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (collecting cases); *Yao v. Almodovar*, No. 25-CV-9982, 2025 WL 3653433, at *10, *12 (S.D.N.Y. Dec. 17, 2025) (collecting cases).

[3] Ordering a bond hearing would be futile given the BIA's affirmation that Immigration Judges do "not have authority over the bond request because aliens who are present in the United States without admission are applicants for admission as defined under [the Government's interpretation of] Section 235(b)(2)(A) of the INA, 8 U.S.C. § 1225(b)(2)(A), and must be detained for the duration of their removal proceedings." *Hurtado*, 29 I. & N. Dec. at 220.

[4] The Court finds relief containing a prohibition of "re-arresting and detaining Petitioners pending further order of this Court" is more appropriate than prohibition of "re-arresting and detaining Petitioner absent a determination by a neutral and detached decisionmaker or change in

For the reasons contained within the forthcoming Memorandum Opinion and Order, the Government's Motion to Dismiss (ECF No. 37) is **DENIED**, and the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**. Respondents are **ORDERED** to release Petitioners Walter Joel Fernandez-Flores, Jorge Enrique Gonzalez Mendoza, Celso Martinez-Marinez, Vincente Ramos, Quilmer Vega Rodriguez, Rafael Angel Valera Rosales, Emmanuel Alemon-Avalos, and Edliana McKenzie-Soto from civil immigration custody immediately. The Court further **ORDERS** Respondents to facilitate the prompt return of any Petitioners' seized property, including legal documents, to the corresponding Petitioner. Respondents are **PROHIBITED** from re-arresting and detaining Petitioners pending further order of this Court.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:       February 12, 2026

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

circumstance justifying such detention," as has been previously ordered by this Court in similar circumstances. The Court is persuaded by Petitioners' argument in their reply. *Reply* 4 n.4, ECF No. 38 (citing *Briceno Solano*, 2026 WL 311624, at *20).