## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

WALTER JOEL FERNANDEZ-FLORES;
JORGE ENRIQUE GONZALEZ MENDOZA;
CELSO MARTINEZ-MARTINEZ;
VICENTE RAMOS;
QUILMER VEGA RODRIGUEZ;
RAFAEL ANGEL VALERA ROSALES;
EMMANUEL ALEMON-AVALOS;
EDLIANA MCKENZIE-SOTO,

                Petitioners,

v.                                  CIVIL ACTION NO. 3:26-0082

CARL ALDRIDGE,
Superintendent, Western Regional Jail;
MICHAEL T. ROSE,
Acting Field Office Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement;
TODD M. LYONS,
Acting Director,
United States Immigration and Customs Enforcement;
KRISTI NOEM,
Secretary of Homeland Security;
PAMELA JO BONDI,
United States Attorney General,
in their official capacities,

                Respondents.

### MEMORANDUM OPINION AND ORDER

Pending before the Court is a Verified Petition for Writ of Habeas Corpus filed by

Petitioners Walter Joel Fernandez-Flores, Jorge Enrique Gonzalez Mendoza, Celso

Martinez-Martinez, Vicente Ramos, Quilmer Vega Rodriguez, Rafael Angel Valera Rosales,

Emmanuel Alemon-Avalos, and Edliana McKenzie-Soto. ECF No. 1. Also pending is a Motion to

Dismiss filed by Federal Respondents ("the Government") Michael T. Rose, Acting Field Office

Director, Philadelphia Field Office, United States Immigration and Customs Enforcement ("ICE"); Todd M. Lyons, Acting Director of ICE; Kristi Noem, Secretary of Homeland Security; and Pamela Jo Bondi, United States Attorney General. ECF No. 37. Carl Aldridge, Superintendent of Western Regional Jail, is also a respondent.[1] For the reasons stated herein, consistent with the Order granting relief entered on February 12, 2026, ECF No. 41, the Verified Petition for Writ of Habeas Corpus is **GRANTED** and the Motion to Dismiss is **DENIED**.

## I.

The Government claims Petitioners, "as . . . alien present without admission in 8 U.S.C. § 1229a removal proceedings, are applicants for admission and an alien seeking admission and are therefore subject to detention under 8 U.S.C. § 1225(b)(2)(A) and ineligible for a bond redetermination hearing before an [Immigration Judge] IJ." *Resp. to O.S.C. and Mot. to Dismiss Pet. for Writ of Habeas Corpus ("Resp.")* 31, ECF No. 37. The Court disagrees.

The Court proceeds with a brief analysis of the circumstances that are unique to the petitioners.

## II.

1.    Walter Joel Fernandez-Flores

Petitioner Fernandez-Flores is a citizen of Honduras but has been in the United States since at least 2019. *Fernandez-Flores 2019 Form I-213*, Gov't's Ex. A, ECF No. 37-1, at 2. According to the Petition, he entered the United States with his daughters in 2019. *Pet. for Writ of Habeas Corpus ("Pet.")* ¶ 21, ECF No. 1. Soon after, he was processed at an immigration facility where he was charged with "alien removal under section 212 and 237" and with being an "alien present

---

[1] Mr. Aldridge responds separately that he "should be treated as nothing more than a nominal respondent" and "defers to the Federal Respondents' position." *Carl Aldridge Resp.* 2, ECF No. 15.

without admission or parole," removal proceedings were initiated, and he was issued a Notice to Appear ("NTA"). *Fernandez-Flores 2019 Form I-213*, ECF No. 37-1, at 2. He was released on his own recognizance due to lack of space and humanitarian reasons. *Id.* at 3. Petitioner Fernandez-Flores applied for asylum, received work authorization, and his immigration proceedings were dismissed in 2022. *Order of Dismissal*, Gov't's Ex. B, ECF No. 37-2; *Fernandez-Flores 2026 Form I-213*, Gov't's Ex. J, ECF No. 37-10, at 2.

Years later, on January 18, 2026, he was arrested in Lesage, West Virginia, after the car that he was a passenger within was pulled over for "a traffic infraction of Obstructed windshield and speeding." *Fernandez-Flores 2026 Form I-213*, ECF No. 37-10, at 2. The Department of Homeland Security documentation indicates he was charged with "alien inadmissibility under Section 212," "immigrant without an immigrant visa," and with "alien present without admission or parole." *Id.*

2.  Jorge Enrique Gonzalez Mendoza

Petitioner Gonzalez Mendoza is a citizen of Cuba and entered the United States in 2022. *Pet.* ¶ 22; *Gonzalez Mendoza 2022 Form I-213*, Gov't's Ex. C, ECF No. 37-3, at 1. He was apprehended by immigration authorities but was released on his own recognizance into the United States after being provided with an NTA and being charged with "alien inadmissibility under Section 212" and "alien presen[ce] without admission or parole." *Gonzalez Mendoza 2022 Form I-213*, ECF No. 37-3, at 2–3. Department of Homeland Security documentation from 2022 indicates he "claimed to have fear of persecution or torture if returned to [his] native country of citizenship." *Id.* at 3. Petitioner Gonzalez Mendoza claims to have been attending his immigration proceedings in Florida, and he claims to have valid work authorization. *Pet.* ¶ 22. Further, he asserts he is "in the process of applying for status pursuant to the Cuban Adjustment Act." *Id.* He

"had a pending court date scheduled for August 12, 2027 in Miami, FL" according to the Department of Homeland Security documentation. *Gonzalez Mendoza 2026 Form I-213*, Gov't's Ex. K, ECF No. 37-11, at 3.

Petitioner Gonzalez Mendoza was arrested on January 14, 2026, after a "vehicle stop at Arby's [in] Huntington, WV for an improper registration." *Id.* at 2. The Department of Homeland Security documentation indicates he was charged with being an "alien present without admission or parole" and "immigrant without an immigrant visa." *Id.*

3.    Celso Martinez-Martinez

Petitioner Martinez-Martinez is a citizen of Mexico, and Department of Homeland Security documents do not indicate any encounters with immigration officials prior to January 2026. *Resp.* 6; *Martinez-Martinez Form I-213*, Gov't's Ex. D, ECF No. 37-4, at 2–3. According to the Petition, he married his wife, a United States citizen, in a church ceremony, over 10 years ago. *Pet.* ¶ 23. As such, he has familial and community ties in the United States. *Id.*

Petitioner Martinez-Martinez was arrested on January 16, 2026, after a "vehicle stop on Interstate 64W . . . for a traffic infraction of a cracked windshield" at or near Hurricane, West Virginia. *Martinez-Martinez Form I-213*, ECF No. 37-4, at 2. He was provided an NTA charging him as "inadmissible" and subject to removal as he was "present without admission or parole" and an immigrant "not in possession of a valid unexpired immigrant visa . . .." *Id. Martinez-Martinez NTA*, Gov't's Ex. L, ECF No. 37-12, at 1, 4.

4.    Vicente Ramos

Petitioner Ramos is a citizen of Honduras, and Department of Homeland Security documents do not indicate any encounters with immigration officials prior to January 2026. *Resp.* 6; *Ramos 2026 Form I-213*, Gov't's Ex. E, ECF No. 37-5, at 1, 3. According to the Petition,

-4-

Petitioner Ramos has valid work authorization and works to support his wife and his two minor United States citizen daughters. *Pet.* ¶ 24. He has a pending application for asylum. *Id.*; *Ramos 2026 Form I-213*, ECF No. 37-5, at 2.

Petitioner Ramos was arrested on January 18, 2026, in Lesage, West Virginia, after the car that he was a passenger within was pulled over for "a traffic infraction of Obstructed windshield and speeding." *Id.* at 2. The Department of Homeland Security documentation indicates he was charged with "alien inadmissibility under Section 212," "immigrant without an immigrant visa," and for being an "alien present without admission or parole." *Id*; *Ramos Case Details*, Gov't's Ex. Q, ECF No. 37-17.

5.    Quilmer Vega Rodriguez

Petitioner Vega Rogriguez is a citizen of Honduras, and Department of Homeland Security documents do not indicate any encounters with immigration officials prior to January 2026. *Resp.* 6; *Vega Rodriguez 2026 Form I-213*, Gov't's Ex. F, ECF No. 37-6, at 1–2. According to the Petition, he has valid work authorization and works to support his three minor United States citizen daughters. *Pet.* ¶ 25. He has a pending application for asylum. *Id.*; *Vega Rodriguez 2026 Form I-213*, ECF No. 37-6, at 2.

Petitioner Vega Rodriguez was arrested on January 18, 2026, in Lesage, West Virginia, after the car that he was driving was pulled over for "a traffic infraction of Obstructed windshield and speeding." *Vega Rodriguez 2026 Form I-213*, ECF No. 37-6, at 2. The Department of Homeland Security documentation indicates he was charged with "alien inadmissibility under Section 212," "immigrant without an immigrant visa," and for being an "alien present without admission or parole." *Id*; *Vega Rodriguez Case Details*, Gov't's Ex. O, ECF No. 37-15.

6.     Rafael Angel Valera Rosales

Petitioner Valera Rosales is a citizen of Venezuela and entered the United States in May of 2024. *Pet.* ¶ 26; *Valera Rosales 2026 Form I-213*, Gov't's Ex. G, ECF No. 37-7, at 1–2. He applied for asylum and has a valid work permit. *Pet.* ¶ 26; *Valera Rosales 2026 Form I-213*, ECF No. 37-7, at 1–2. He has a Master Hearing before Immigration Court in April of 2027. *Notice of In-Person Hr'g*, Gov't's Ex. P, ECF No. 37-16, at 1.

Petitioner Valera Rosales was arrested on January 13, 2026, in Lesage, West Virginia, after being pulled over in a car for "a traffic infraction of window tint." *Valera Rosales 2026 Form I-213*, ECF No. 37-7, at 2. The Department of Homeland Security documentation indicates he was charged with "alien inadmissibility under Section 212" and "immigrant without an immigrant visa." *Id*.

7.     Emmanuel Alemon-Avalos

Petitioner Alemon-Avalos is a citizen of Mexico, and Department of Homeland Security documents do not indicate any encounters with immigration officials prior to January 2026. *Resp*. 7; *Alemon-Avalos 2026 Form I-213*, Gov't's Ex. H, ECF No. 37-8, at 2. According to the Petition, he lives in Barboursville, West Virginia, with his minor son and daughter, both of whom are citizens. *Pet.* ¶ 27.

Petitioner Alemon-Avalos was arrested on January 29, 2026, during a vehicle stop on Route 2 in Barboursville, West Virginia. *Alemon-Avalos 2026 Form I-213*, ECF No. 37-8, at 2. The Department of Homeland Security documentation indicates he was charged with "alien present without admission or parole" and for being an "immigrant without an immigrant visa." *Id*.; *Alemon-Avalos Case Details*, Gov't's Ex. N, ECF No. 37-14.

-6-

8.    Edliana McKenzie-Soto

Petitioner McKenzie-Soto is a citizen of Cuba who entered the United States in December of 2021. *Resp.* 7; *McKenzie-Soto 2026 Form I-213*, Gov't's Ex. I, ECF No. 37-9, at 2. Petitioner McKenzie-Soto claims she was released from custody after she was apprehended after crossing the border in 2021, however, the Government does not appear to have documentation of said interaction. *Pet.* ¶ 28; *Resp.* 7; *McKenzie-Soto 2026 Form I-213*, ECF No. 37-9, at 3. According to the Petition, she has diligently attended court dates associated with her documented application for asylum. *Pet.* ¶ 28; *McKenzie-Soto 2026 Form I-213*, ECF No. 37-9, at 3. She also has an approved application for employment authorization. *McKenzie-Soto 2026 Form I-213*, ECF No. 37-9, at 3. She has an immigration court hearing where she resides, in Lexington, Kentucky, in January of 2028. *McKenzie-Soto Notice of In-Person Hr'g*, Gov't's Ex. M, ECF No. 37-13.

Petitioner McKenzie-Soto was arrested on January 14, 2026, after a "vehicle stop at Arby's [in] Huntington, WV for an improper registration." *McKenzie-Soto 2026 Form I-213*, ECF No. 37-9, at 2. The Department of Homeland Security documentation indicates she was charged with "alien inadmissibility under Section 212" and for being "an alien present without admission or parole." *Id.*

III.

All of the Petitioners were arrested in West Virginia, within the interior of the United States; some were arrested after they were released into the country, provided work authorization, filed petitions for asylum, or were provided some other form of immigration relief. Many have family and community ties in the country. Regardless, none of the petitioners can be characterized as "seeking admission"[2] given their general presence within the interior of the country. Therefore,

---

[2] The Government's claimed authority for Petitioners' mandatory detention applies "in the case of

the answer to the common question of all Petitioners is that detention authority pertaining to them is Section 1226(a) and not the Government's interpretation of Section 1225(b)(2). According to the Petition, no warrants were issued for any Petitioner at the time of the arrests; detention of each Petitioners since arrest is civil and administrative in nature, not based on a criminal violation; and such detention has been without the opportunity for any individualized custody review or determination. *Pet.* ¶¶ 29, 32–35.

With the same analysis previously undertaken and with reasoning consistent with the uniform position taken in this District and the majority of courts in the nation,[3] the Court finds: it

---

an alien who is an applicant for admission, if the examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, [as] the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added).

[3] The brevity of the present Order is a result of this Court's prior consideration and rejection of, what the Government concedes are, the same legal arguments presented here. *Resp.* 2–3; *Simanca Gonzalez v. Aldridge,* CIV. A. No. 3:26-0055, 2026 WL 313476 (S.D. W. Va. Feb. 5, 2026); *Shailookul Uulu v. Aldridge*, CIV. A. No. 3:26-0076, 2026 WL 401200 (S.D. W. Va. Feb. 12, 2026). Courts in this District have uniformly decided against the Government's position and ordered the immediate release of petitioners. *Briceno Solano v. Mason*, CIV. A. No. 2:26-cv-00045, 2026 WL 311624, at *20 (S.D. W. Va. Feb. 4, 2026) (Johnston, J.) ("In this case, the law is clear: the Government violated Petitioner's due process rights."); *Mehari v. Mason*, CIV. A. No. 2:26-cv-00039, 2026 WL 316034, at *3 (S.D. W. Va. Feb. 5, 2026) (Johnston, J.) ("Petitioner's detention is governed by § 1226(a) . . . 'there is no evidence that Petitioner was actively seeking admission into the United States,' as the record indicates that Petitioner entered the United States in 2023, works as a long-haul truck driver, and resides in the United States."); *Gutierrez Aroca v. Mason*, CIV. A. No. 2:26-cv-00057, 2026 WL 357872, at *17 (S.D. W. Va. Feb. 9, 2026) (Goodwin, J.) ("Having once detained and released Petitioners under § 1226(a), the Government cannot now retroactively recast them as arriving 'alien[s] seeking admission.'"); *Umarov v. Mason*, CIV. A. No. 2:27-cv-00081, 2026 WL 381614, at *5 (S.D. W. Va. Feb. 11, 2026) (Berger, J.) ("[Section 1225(b)(2)] is not applicable to people like [Petitioner], who are arrested far from a border and have lived and formed connections through their lengthy residence in the United States."). Indeed, the majority of courts nationwide reject the Government's position. *Bethancourt Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025) (collecting cases); *Barco Mercado v. Francis*, No. 25-cv-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (collecting cases); *Yao v. Almodovar*, No. 25-CV-9982, 2025 WL 3653433, at *10, *12 (S.D.N.Y. Dec. 17, 2025) (collecting cases).

has jurisdiction, the petitioners' detention is governed by 8 U.S.C. § 1226(a) not 8 U.S.C. § 1225(b)(2), and the petitioners' due process rights have been violated.

Accordingly, as previously ordered (ECF No. 41), the appropriate relief is release of the petitioners, return of their property, and a prohibition on Respondents' ability to re-arrest and detain the petitioners pending further other of this Court. [4]

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER:        February 20, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[4] *See Estrada Reyes v. Aldridge*, CIV. A. No. 3:26-cv-00084, 2026 WL 413210, at *2 n.5, *3 n.6 (S.D. W. Va. Feb. 13, 2026) (explaining this Court's determination of appropriate relief in similar, recent immigrant detention habeas corpus cases).